USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK

- - - - - - - - - - - - - - -    X

UNITED STATES OF AMERICA                          :       CONSENT PRELIMINARY ORDER OF
                                                          FORFEITURE AS TO SPECIFIC
                        - v. -                    :       PROPERTIES/MONEY JUDGMENT

JOSE ALEJANDRO HURTADO,                            :       13 Cr. 673 (DLC)

                        Defendant.                :

                                                  :

- - - - - - - - - - - - - - -    X

WHEREAS, on or about August 30, 2013, JOSE ALEJANDRO HURTADO (the "Defendant") was charged in a six-count Information, 13 Cr. 673 (DLC) (the "Information"), with conspiracy to violate the Foreign Corrupt Practices Act, to violate the Travel Act, and to commit money laundering, in violation of Title 18, United States Code, Section 371 (Count One); violation of the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Section 78dd-2(a)(1) and Title 18, United States Code, Section 2 (Count Two); violation of the Travel Act, in violation of Title 18, United States Code, Sections 1952 and 2 (Count Three); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Count Four); conspiracy to obstruct justice, in violation of Title 18, United States Code, Section 371 (Count Five); and conspiracy to violate the Foreign Corrupt Practices Act, in violation of Title 18, United States Code, Section 371 (Count Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Three and Count Six of the Information seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three and Count Six of the Information, and all property traceable to such property;

WHEREAS, the Information included a forfeiture allegation as to Counts One and Four of the Information seeking, pursuant to Title 18, United States Code, Section 982(a)(1), the forfeiture of all property, real and personal, involved in such offenses, and all property traceable to such property;

WHEREAS, on or about August 30, 2013, the Defendant pled guilty to Counts One through Six of the Information and admitted the forfeiture allegations with respect to Counts One through Four and Count Six of the Information, before United States Magistrate Judge James C. Francis, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the

2

commission of the offenses charged in Counts One through Three and Count Six of the Information, and all property traceable to such property, and pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offenses charged in Counts One and Four of the Information, and all property traceable to such property;

WHEREAS, on or about September 20, 2013, this Court ordered that the Defendant's guilty plea be accepted;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $11,896,743.00 in United States currency, representing the proceeds and property involved in the commission of the offenses alleged in Counts One through Four and Count Six of Information, and the Defendant, along with his wife, Haydee Pabon ("Pabon"), further consent to the forfeiture of all of their right, title, and interest in the following:

    a.    the following real property together with all improvements and appurtenances thereto (together, the "Real Properties"):

        1)    The condominium apartment located at 16171 Blatt Boulevard, Apartment Number 404, Weston, Florida 33326 (the "Blatt Boulevard Property");

        2)    The condominium apartment located at 848 Brickell Key Drive, Apartment Number 4405, Miami, Florida 33131 (the "Brickell Key Drive Property");

        3)    The condominium apartment located at 495 Brickell Avenue, Unit Number 1706, Miami,

Florida 33131 (the "Brickell Avenue Property"; and

4) The condominium apartment located at 21205 NE 37th Avenue, Unit 1601, Aventura, Florida 33180 (the "37th Avenue Property");

b. $3,095,010.43 in United States currency formerly on deposit in Account Number NT1-564737, in the name of Jose Alejandro Hurtado, at Northern Trust Securities Inc., and now in the custody of the United States Marshals Service ("USMS");

c. $100,611.42 in United States currency formerly on deposit in Account Number 2840853202, in the name of Jose Alejandro Hurtado, at Northern Trust Company, and now in the custody of the USMS; and

d. any and all funds on deposit in Account Number P6DQ077063, in the name of Jose Alejandro Hurtado, held at HSBC;

(collectively, the "Specific Properties");

WHEREAS, the Defendant and Pabon agree that the Specific Properties are forfeitable to the United States because the Specific Properties constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One through Three and Count Six of the Information and that the Specific Properties are forfeitable to the United States because the Specific Properties are involved in the offenses charged in Counts One and Four of the Information, and are traceable to such property;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Properties/Money

Judgment becoming final as to his interests prior to sentencing; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims (other than from Pabon, who explicitly waives any such claims to the Specific Properties), to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

WHEREAS, in regard to the Blatt Boulevard Property, the Brickell Avenue Property, and the 37th Avenue Property (these three properties, together, the "Interlocutory Sale Properties"), the Defendant and Pabon represent that they are the sole owners of the Interlocutory Sale Properties and seek to liquidate the properties immediately and agree to transfer the resulting net proceeds from those sales to the USMS as a payment to be applied to the Defendant's money judgment;

WHEREAS, in regard to the Brickell Key Drive Property, the Defendant and Pabon represent that they utilize this property as their family residence and wish to forfeit funds approximately equivalent to the fair market value of this property as substitute res for the this property;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Jason H. Cowley, of counsel, and the Defendant and his counsel, Frank A. Rubino, Esq., and Pabon that:

1.   As a result of the offenses charged in Counts One through Four and Count Six of the Information, to which the Defendant pled guilty, a money judgment in the amount of $11,896,743.00 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2.   As a result of the offenses charged in Counts One through Four and Count Six of the Information, to which the Defendant pled guilty, all of the Defendant's right, title, and interest, as well as all of Pabon's right, title, and interest, in the Specific Properties (except the Real Properties) are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Defendant and Pabon each agree that they will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Properties to the United States, the Specific

Properties shall be applied towards the Money Judgment in partial satisfaction of the Money Judgment.

3.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the Defendant, JOSE ALEJANDRO HURTADO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.   All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

5.   Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and pursuant to Title 21, United States Code, Section 853, the USMS shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.   Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the USMS (or its designee) is authorized to seize the Specific Properties (except the Real Properties) and hold such Specific Properties in its secure custody and control.

7.   With regard to the Interlocutory Sale Properties, the Defendant and Pabon shall have one hundred eighty (180) days from the date of the entry of this Order to sell the properties and shall tender the net proceeds[1] (the "Interlocutory Sale Proceeds") of such sales to the USMS within twenty four (24) hours of the closing of each such sale as a payment on the Defendant's money judgment.   The terms of any sale of the Interlocutory Sale Properties must be approved by the USAO-SDNY in writing prior to the date of the sale.   Such approval will not be unreasonably withheld for any sale to a third party purchaser.   Should the Defendant fail to sell any of the Interlocutory Sale Properties within the time period set forth herein,   the   Defendant's   and   Pabon's   interests   in   the Interlocutory Sale Properties shall be deemed forfeited, the USMS (or its designee) is authorized to seize those properties,

---

[1] For avoidance of doubt, for purposes of this Order, the term "net proceeds" means all money realized from the of the Interlocutory Sale Properties, except for the following:   (a) Real estate expenses, if any, incurred by the Defendant and Pabon, and (b) any other real estate, property, transfer, association or other taxes which are or become due and owing by the Defendant and Pabon in connection with the sale of the property.

and the Government shall proceed with the forfeiture of those properties in accordance with law. The Government, without further order of the Court, may extend the deadline at its discretion for the Defendant and Pabon to sell the Interlocutory Sale Properties.

8. With in regard to the Brickell Key Drive Property, the Defendant and Pabon shall have ninety (90) days from the date of the entry of this Order to transfer the sum of $1,100,000 to the USMS in lieu of the forfeiture of this property (the "Substitute Funds"). In the event that the Substitute Funds are not received by this deadline, the Defendant's and Pabon's interests in the Brickell Key Drive Property shall be deemed forfeited, the USMS (or its designee) is authorized to seize that property, and the Government shall proceed with the forfeiture of that property in accordance with law.

9. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money

Judgment (except the Real Properties if the Defendant sells the Interlocutory Sale Properties pursuant to this Order and transfers the Substitute Funds in a timely manner pursuant to this Order). Any person, other than the Defendant (or Pabon) in this case, claiming an interest in the Specific Properties being forfeited must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties being forfeited, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect

to the Specific Properties being forfeited pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

13.   The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

14.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

15.   The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment to Assistant United States Attorney Jason H. Cowley, Chief, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

16.   The  signature  pages  of  this  Consent  Preliminary Order  of  Forfeiture  as  to  Specific  Properties/Money  Judgment  may be  executed  in  one  or  more  counterparts,  each  of  which  will  be deemed  an  original  but  all  of  which  together  will  constitute  one and  the  same  instrument.

AGREED  AND  CONSENTED  TO:

PREET  BHARARA
United  States  Attorney  for  the
Southern  District  of  New  York

By: _____        _____
        JASON  H.  COWLEY                                    12/15/15
        Assistant  United  States  Attorney          DATE
        One  St.  Andrew's  Plaza
        New  York,  New  York  10007
        Tel.:  (212)  637-2479


JOSE  ALEJANDRO  HURTADO
DEFENDANT

By: _____        _____
        JOSE  ALEJANDRO  HURTADO                    12-04-2015
                                                                      DATE


HAYDEE  PABON

By: _____        _____
        HAYDEE  PABON                                        12.04.2015
                                                                      DATE


[Additional  Signatures  on  Following  Page]


12

By:

FRANK A. RUBINO, ESQ.
Attorney for Defendant
Frank A. Rubino, Esq., P.A.
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
Tel.: (305) 858-5300

DATE

SO ORDERED:

HONORABLE DENISE COTE
UNITED STATES DISTRICT JUDGE

DATE