UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,     CASE NO: 13CR000673-001(DLC)

     Plaintiff,

v.

JOSE ALEJANDRO HURTADO,

     Defendant.

_____/

## MOTION FOR EARLY TERMINATION
## OF SUPERVISED RELEASE

**COMES NOW** the Defendant, JOSE ALEJANDRO HURTADO, by and through his undersigned attorney and hereby files this, his Motion for Early Termination of Supervised Release.

Pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. Section 3583(c)(1). Mr. Hurtado has demonstrated exemplary post-conviction conduct during his period of supervision, and exceeded all expectations set by the United States Probation Office. Accordingly, Mr. Perry hereby moves the Court for an entry of an order terminating his supervised release.

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

Under U.S.C. Section 3583(e)(1), the Court has the authority to grant early termination of a previously imposed term of supervised release. Section 3583(e)(1) provides: (e) Modification of condition or revocation. The court may, after considering the factors set forth in Section 3553(a)(1),(a)(2)(B), (a)(2)(C),(a)(2)(D), (a)(4),(a)(5),(a)(6),(a)(7)(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of  Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice 18 U.S.C. Section 3583(e)(1); see also Fed. R. Crim. Procedure 32.1(e)(1), (2)(B) &(C)(providing for hearings for modifications of supervised release, unless the result is favorable to the person supervised and the government does not object after notice.

On May 3, 2013 date Alejandro Hurtado was arrested and incarcerated in Miami, Florida.  He was transferred to the Federal Detention Center in Brooklyn, New York.  That institution is a maximum security institution where Hurtado remained locked up 24 hours a day with no access to the outdoor world.  On September 25, 2014, Alejandro Hurtado was released on bond and remained at liberty till January 21, 2016 when he surrendered to the Federal Detention Center, Miami to serve his sentence. On December 15, 2015 this Honorable Court sentenced Hurtado to 36 months in prison, followed by three years of supervised release.

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

Hurtado was released from prison on November 10, 2016 to a halfway house in Miami where he remained till April 2017 when he was released and began his three year supervised released.

While Hurtado was at liberty on bond from September 2014 through January 2015 he was employed full time at Enerlat Purchasing Agents. He purchased and sold furniture for hotels. After his release from the halfway house Hurtado was re-hired by Enerlat and worked for them till March of 2018. He left Enerlat for a better position with Alphapac Marketing Co. They are an importer and distributor of wines from Spain, France and Argentina. In this position Hurtado travels to South America and Europe often as well as in the United States.

Mr. Hurtado became involved in this crime when he was solicited by his codefendant Maria d'Los Angeles Gonzales to pay her bribes for sending business his way. Obviously, but for her solicitation Hurtado would never have been involved in such activity. Why would he bribe her if he didn't have to. The chances of recidivism in Hurtado's case are non existant. Hurtado committed a crime, Hurtado admitted he committed the crime by pleading guilty, and Hurtado did everything he could to mitigate the crime by aiding, assisting and cooperating with the government in every possible way. These are all strong signs of rehabilitation and lack of recidivism. Hurtado is a stable family man who lives with his wife and 5 year old son, and supports his other child a 15 year old daughter who lives with her mother. Hurtado has an extremely stable family environment and since his release from incarceration

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

has improved his job condition and employment record and is doing extremely well and not in need of any future supervision.

I have contacted Hurtado's supervised release officer Mrs. Lynell Fahie and she has stated:

> "please be advised I will be opposing the request due to Mr. Hurtado being sentenced significantly below the advisory guideline range at sentencing. Mr. Hurtado remains in compliance with the conditions of his supervision as noted in my email dated October 9, 2018. If is further noted that his community service obligations have been satisfied."

She does not claim Hurtado has violated any rules, because he hasn't. She does not claim that Hurtado has not completed his hours of community service, because he has. She does not claim that Hurtado has not maintained full time employment because he has. She does not claim that Hurtado needs further supervision because he does not. What she does believe is that Hurtado should have received a longer prison sentence.

Mr. Hurtado has performed well during his period of supervised release; he has no contacts with law enforcement; he has paid his special assessement, he has not engaged in any business venture related to the basis for the original Indictment. He has cooperated with the US Probation Office in any and every way that has been required of him. Mr. Hurtado took his obligations to obey all conditions of his supervised release very seriously. Despite his conviction, Mr. Hurtado has made a positive contribution to society. Since April 2017, Mr. Hurtado has completed 300 hours with Chapman Partnership Homeless

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

Shelter as his required community service. Mr. Hurtado's employment has given him a purpose that will keep him on track to be a better citizen and better man. He is remorseful about what has occurred, but looks to a brighter future as he continues down this current path of enlightenment and productivity. The justice system could not ask for more from a person to prove his rehabilitation.

Hurtado has not had one single problem whatsoever on supervised release, and has followed each and every order given to him by his supervised release officer. It appears Mrs. Fahie's only reason for opposing this request, even though she knows nothing about the facts of the case, or why his sentence was reduced, is she believes Hurtado should not have gotton as large a reduction as he did. She has no knowledge of his cooperation, the depth or details. She just thinks that his sentence was to light. This is certainly not good grounds to oppose the motion.

One would have thought the Bureau of Prison would have confined Hurtado to a Federal Prison Camp considering he had only 14 months remaining on his sentence. Instead Hurtado was sentenced to serve his time at the Federal Detention Center in downtown Miami. That institution is a 13 story, high rise, maximum security, prison with no access to fresh air or sunshine. Unlike Hurtado's co-defendants who went to Federal Prison Camps Hurtado's time was in maximum security, not minimum. Yes, Hurtado's time was significantly below the advisory guideline range. It should be noted that the reason Hurtado's "sentencing was significantly below" is because Hurtado rendered substantial assistance to authorities. Hurtado provided the

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

government with a mulititude of evidence and testimony which the government used to indict numerous other people in this case. Because of his substantial assistance to authorities Hurtado was in fact rewarded with a 5K1.1 reduction which he truly earned. This Court recognized that cooperation and reduced his sentence.

Hurtado's reduced sentence should have nothing to do whether he needs to remain in supervised release. Hurtado has successfully completed 20 of his 36 month of supervised release. He has no need for continued supervision.

I have also discussed this matter with Jason Cowley, Assistant United States Attorney in Mr. Hurtado's case and he advises that the government takes no position on this motion.

WHEREFORE, it is most respectfully requested this Honorable Court to terminate Hurtado's supervised release forthwith.

Respectfully Submitted,

FRANK A. RUBINO, ESQUIRE
Attorney for Jose Alejandro Hurtado
550 Biltmore Way
Suite 780
Coral Gables, FL  33134
305-858-5300

(S)   *Frank A. Rubino*

FRANK A. RUBINO, ESQUIRE

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case this _1_ th day of January, 2019.

(S) _Frank A. Rubino_

FRANK A. RUBINO, ESQUIRE

Law Firm of Frank A. Rubino, Esq., P.A.

Brickell Bay Tower, 1001 Brickell Bay Drive, Suite 2206, Miami, Florida 33131, Tel: (305) 858-5300, Fax: (305) 350-2001